MAX D. WHEELER (3439)
RODNEY R. PARKER (4110)
RICHARD A. VAN WAGONER (4690)
SAM HARKNESS (9448)
SNOW, CHRISTENSEN & MARTINEAU
10 Exchange Place, Eleventh Floor
Post Office Box 45000
Salt Lake City, Utah  84145
Telephone:  (801) 521-9000

*Attorneys for Plaintiff Frances M. Flood*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| FRANCES M. FLOOD, | ) | ORDER |
| | ) | |
| Plaintiff, | ) | No. 2:08-CV-00631-DB |
| | ) | |
| v. | ) | |
| | ) | |
| CLEARONE COMMUNICATIONS, INC., | ) | |
| a Utah Corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

A hearing was held April 16, 2009 on plaintiff's Motion for Order to Show Cause (Doc. 53) and defendant's Motion to Stay Further Payment Obligations Pending Appeal (Doc. 60). Plaintiff was represented by Rodney R. Parker, Richard A. Van Wagoner, and Sam Harkness. Defendant was represented by Neil A.Capobianco and Brian S. Cousin.  The Court orders as follows:

In deciding ClearOne's motion for a stay of this Court's Preliminary Injunction pending appeal, the Court considers "(1) the likelihood of success on appeal; (2) the threat of irreparable

harm if the stay or injunction is not granted; (3) the absence of harm to opposing parties if the stay or injunction is granted; and (4) any risk of harm to the public interest." *Homans v. City of Albuquerque*, 264 F.3d 1240, 1243 (10th Cir. 2001).   ClearOne has not established to this Court's satisfaction that the foregoing factors are satisfied.

As to the likelihood of success on the merits of the appeal, the Preliminary Injunction was based on this Court's conclusions that, under the circumstances and with Ms. Flood facing a criminal trial, her constitutional rights were at stake.  ClearOne had previously obligated itself to advance funds for fees prior to the verdict and had in fact advanced fees for several years, and it was inappropriate for the company to obligate itself to pay fees for a person facing criminal trial and then to stop paying on the eve of trial.  In the Court's view, it is a violation of the contract for ClearOne to refuse to advance funds for fees which were incurred prior to the jury's verdict.

In its Preliminary Injunction, the Court found that the contract language regarding advancement appears unambiguous, and the requirement that ClearOne continue to advance fees was consistent with the parties' course of performance until ClearOne altered course and refused to continue to advance fees.  The Court also found that the company's claim that the Board of Directors could escape its contractual obligation by deciding it would rather spend the money elsewhere would render its obligation under the contract illusory.  The Court further held:

> This will ensure Ms. Flood continuing representation of her current legal counsel, and protect her constitutional and statutory rights to a speedy trial and effective assistance of counsel. (p. 5.)
>
> Ms. Flood will suffer irreparable harm in the absence of an injunction. Ms. Flood faces a criminal trial in less than three weeks.  In the absence of continued

payment of fees and costs by ClearOne, Ms. Flood's counsel have represented to the Court that they cannot continue representation.  Given the complex nature of Ms. Flood's criminal case and the looming trial date, it would seem impossible for Ms. Flood to procure effective assistance of counsel at this late juncture, particularly without a lengthy continuance of the trial date. (p. 10.)

Ms. Flood would likely suffer grievous harm in the form of lost constitutional rights if an injunction does not issue. (p. 11.)

The public interest favors a speedy resolution of criminal cases.  The public interest also favors protection of a criminal defendant's constitutional rights.  This is especially true where the injunction is as narrow and limited as in this case.  (p. 12.)

For the foregoing reasons, the court finds no basis to conclude that ClearOne has demonstrated a substantial likelihood of success on appeal.

The Court further finds no factual basis to conclude that ClearOne would suffer irreparable harm if the stay is not granted.  Instead, the Court finds that ClearOne has acted in bad faith by delaying payment of fees.  By ordering ClearOne to continue to advance fees, the Preliminary Injunction simply preserved "'[t]he last peaceable uncontested status existing between the parties before the dispute developed.'"  *See Summum v. Pleasant Grove City*, 483 F.3d 1044, 1049 (10th Cir. 2007) (quoting *Schrier v. Univ. of Colorado*, 427 F.3d 1253, 1258 (10th Cir. 2005)).  The Court has no knowledge whether Flood has the ability to reimburse advanced funds, or indeed even whether the money is "gone forever" as ClearOne contends.  Indeed, this latter issue has not been presented to or decided by the Court.

As to the final factors, this Court's order was made to induce counsel to continue to represent Ms. Flood in the criminal case.  Every party including ClearOne knew that the

payment had to be something the law firm could count on or there was a risk that they would not continue to work.  Ms. Flood and counsel relied on the Court's order that fees would be paid through the conclusion of trial.  The Court believed that its purpose was consistent with the public interest.  To grant the requested stay now and deprive Ms. Flood's counsel, even temporarily, of payment for the work they performed during trial, would be contrary to the Court's stated purpose and thus the public interest.

The question whether "indemnification" under the statute and the parties' agreement includes advanced funds or whether advancement is a separate issue is one which this Court has not yet considered.  Accordingly, the Court will modify its previous order to provide that the funds on deposit with the Court will be available not only to satisfy any finding of unreasonableness, but also to satisfy any obligation that may exist under ClearOne's argument that money that was not paid when the verdict was handed down somehow violates public policy.

For the foregoing reasons, the motion to stay is denied.  ClearOne is ordered to comply with the requirements of the Preliminary Injunction by paying the February 17 and March 3 invoices no later than 5:00 p.m. MDT on Monday, April 20, 2009.  The Court will regard failure to make the payment as contempt, and will impose a sanction of $10,000 per day for every day the payment remains unpaid after April 20, 2009.

Finally, the Court sets a deadline of May 18, 2009 for ClearOne to file any motion concerning the reasonableness of fees.  The Court directs that the question whether

-4-

"indemnification" under the statute and the parties' agreement includes advanced funds or whether advancement is a separate issue should be briefed in connection with the reasonableness motion.

DATED:  April 17, 2009.

BY THE COURT:

_____

DEE BENSON, JUDGE
UNITED STATES DISTRICT COURT